E-FILED
Thursday, 31 March, 2022  05:05:28 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-3169** |
| | ) | |
| **BERNARD LEITSCHUH individually and doing business as LEITSCHUH CONSTRUCTION, and RICHARD WILHELM, JR.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff State Auto Property and Casualty Insurance Company's ("State Auto") Motion for Partial Summary Judgment (d/e 22). Defendant Richard Wilhelm has filed a Response (d/e 30) in which Defendant raises genuine issues of material fact. Accordingly, Plaintiff's Motion (d/e 22) is DENIED.

## I.   FACTS

The Court draws the following facts from the parties' Local Rule 7.1(D)(1)(b) statements of undisputed material facts. The Court discusses any material factual disputes in its analysis.

Immaterial facts or factual disputes are omitted.  Any fact

submitted by any party that was not supported by a citation to

evidence will not be considered by the Court.  See Civil LR

7.1(D)(2)(b)(2).  In addition, if any response to a fact failed to

support each alleged dispute fact with evidentiary documentation,

that fact is deemed admitted.  Id.

On March 31, 2017, Defendant Wilhelm fell off a ladder and

was injured while working for Defendant Leitschuh.[1]  At the time,

Leitschuh was insured by State Auto through a Businessowners

Policy ("Policy").  The Policy lists Scheller Insurance Agency, Inc.

("Scheller Insurance") as the Insurance Agent for State Auto.  The

Policy also contains a section entitled "Duties in the Event of

Occurrence, Offense, Claim Or Suit," which states: "You must see to

it that we are notified as soon as practicable of an 'occurrence' or an

offense which may result in a claim."  Ex. 5 (d/e 28) p. SA 0103.

Leitschuh has testified that he notified Eric Braasch ("Braasch"), an

insurance agent employed by Scheller Insurance, of the accident

involving Wilhelm within three weeks of the accident.  Leitschuh

---

[1] Defendants Bernard Leitschuh and Leitschuh Construction are collectively referred to as
"Leitschuh" throughout this Opinion.

has also testified that he believed Braasch to be an agent of State
Auto.  Braasch has testified that Leitschuh did not notify Braasch
or Scheller Insurance of the accident involving Wilhelm until May
13, 2019.

On March 28, 2019, Wilhelm filed suit against Leitschuh in
the Circuit Court of the 4th Judicial Circuit, Montgomery County,
Illinois Case Number 19 L 5.  Leitschuh was served with the
summons in the state court case on April 19, 2019 and, in May
2019, brought the summons to Eric Braasch with Scheller
Insurance.  On May 13, 2019, another agent, Sharon Bryant, filled
out a Liability Notice of Occurrence/Claim form and sent it to State
Auto along with the summons and complaint in the state court
case.  State Auto received those materials the same day.

On July 9, 2019, Plaintiff State Auto filed a two-count
Complaint (d/e 1), which names Leitschuh and Wilhelm as
Defendants.  In Count I, State Auto seeks a declaratory judgment
that State Auto has no duty to defend or indemnify Leitschuh in the
state Circuit Court case.  In Count II, State Auto seeks
reimbursement of the costs State Auto has incurred while State
Auto has defended Leitschuh while reserving rights to contest such

defense.  On July 14, 2020, State Auto filed the pending motion for summary judgment on Count I.  Wilhelm filed a Response (d/e 31) to State Auto's motion on August 17, 2020.

## II.   LEGAL STANDARD

Summary judgment under Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."  Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003).  On such a motion, the facts, and all reasonable inferences derived therefrom, are viewed in the light most favorable to the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016) (citing Cairel v. Alderden, 821 F.3d 823, 830 (7th Cir. 2016)).

A genuine dispute as to any material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of establishing that

there is no genuine dispute as to any material fact.  See Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986); Modrowski v. Pigatto,

712 F.3d 1166, 1168 (7th Cir. 2013).  After the moving party does

so, the non-moving party must then go beyond the pleadings and

"set forth specific facts showing that there is a genuine issue for

trial."  Anderson, 477 U.S. at 255 (quotation and footnotes omitted).

In any event, "[o]n summary judgment a court may not make

credibility determinations, weigh the evidence, or decide which

inferences to draw from the facts; these are jobs for a factfinder."

Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003); id. ("summary

judgment cannot be used to resolve swearing contests between

litigants").

### III.   ANALYSIS

Plaintiff seeks summary judgment on Count I of its Complaint,

seeking a declaration that State Auto has no duty to defend or

indemnify Defendant Leitschuh in the underlying personal injury

suit in state court.  Plaintiff argues that the insurance policy

entered into by Plaintiff and Leitschuh set forth a notice

requirement which Leitschuh failed to fulfill.  Plaintiff argues that

Leitschuh did not provide Plaintiff timely notice of the Wilhelm

accident as required by the Policy and that State Auto has no obligation to defend or indemnify Leitschuh in the state suit.

In response, Defendant Wilhelm argues that a dispute of fact exists as to whether Leitschuh fulfilled the notice requirement. Specifically, Wilhelm argues that Leitschuh's insurance broker, Scheller Insurance, was an agent of State Auto and that a factual dispute exists as to whether Leitschuh notified Scheller of the accident.  Wilhelm also argues that notifying Scheller of the accident constituted timely notice under the Policy.

The question, then, is whether the Policy and the Notice Requirement specify in clear, unambiguous terms who was to be contacted by Leitschuh in order to provide sufficient notice.  If the Policy unambiguously requires that Leitschuh could only fulfill the notice requirement by contacting State Auto directly, then the factual disputes Wilhelm raises are of no consequence because, as Wilhelm admits, Leitschuh did not contact anyone at State Auto directly about the accident.

Under Illinois law, "a court must first decide, as a matter of law, whether the language of the contract is ambiguous" when interpreting an insurance contract.  Pepper Constr. Co. v.

<u>Transcontinental Ins. Co.</u>, 673 N.E.2d 1128, 1130 (Ill. App. 1996).

A contract term is ambiguous where the language is susceptible to

more than one meaning or is obscure or indefinite.  <u>Myer v. Marilyn</u>

<u>Miglin, Inc.</u>, 652 N.E.2d 1233, 1238 (Ill. App. 1995).  However, the

fact that parties disagree on a term of a contract is not, itself, a sign

that the term is ambiguous.  <u>USG Interiors, Inc. v. Commercial &</u>

<u>Architectural Prods., Inc.</u>, 609 N.E.2d 811, 815 (Ill. App. 1993).

Where contractual terms are ambiguous, the terms are to be

"construed liberally in favor of coverage," but where the terms are

unambiguous, the terms "are given their plain, ordinary, and

popular meaning."  <u>Country Mut. Ins. Co. v. Livorsi Marine, Inc.</u>,

856 N.E.2d 338, 342–43 (Ill. 2006).  Ambiguous contract terms are

also construed against the drafter.  <u>USG Interiors</u>, 609 N.E.2d at

815.  In any case, "[a]n insurance policy must be construed as a

whole, giving effect to every provision."  <u>Livorsi Marine</u>, 856 N.E.2d

at 343.

The Court finds that the Policy's terms were ambiguous as to

whom Leitschuh was to contact to fulfill the notice requirement.

The Notice Requirement of the Policy states,

> You must see to it that we are notified as soon
> as practicable of an "occurrence" or an offense
> which may result in a claim.

Ex. 5 (d/e 28) p. SA 0103.  The term "occurrence" is defined as an

accident, and the parties agree that Wilhelm's March 2017 accident

is an "occurrence" under the Policy.  The terms "you" and "we" are

also defined in the Policy, which states,

> Throughout this policy, the words "you" and
> "your" refer to the Named Insured shown in
> the Declarations . . . . The words "we," "us"
> and "our" refer to the company providing this
> insurance.

Ex. 5 (d/e 27) p. SA 0094; <u>see also</u> (d/e 28) SA 0042, 0126, & 0133.

Leitschuh is listed on the "Declarations" pages of the Policy as

the "First Named Insured."  Ex. 5 (d/e 27) pp. SA 0018 & SA 00283.

The Declarations also list State Auto in a field labeled "Coverage

Provided By" and list Scheller Insurance in a field labeled "Agent

Name and Address."

The Policy language is susceptible to more than one

interpretation.  The first page of the Policy lists Scheller Insurance

as the Independent Agent and directs the policy holder to "contact

<u>your agent</u> with any questions."  Ex. 5 (d/e 27) p. 002 (emphasis

added).  The third page of the Policy then lists only Scheller

Insurance under "Agent Name and Address" and further directs the

policy holder to "contact your insurance agency at the address and

phone number shown above" if the policy holder had questions.  Id.

at p. SA 0004 (emphasis added).  Finally, the Policy then directs the

policy holder to "notify your agent as soon as feasible if you have a

claim.  The sooner your agency knows about your loss, the sooner

they can report it to us so we can begin working" on the claim.  Id.

at p. SA 0009 (emphasis added).  Moreover, the Policy includes two

sections which outline the insurance coverage for Equipment and

for Installation.  Each of those sections provides another notice

provision which states,

> In case of a loss, "you" must give "us" or "our" agent
> prompt notice including a description of the property
> involved.

Id. at pp. SA 0128 & SA 0140.  "Us" and "our" are defined in the

Policy as referring to "the company providing this insurance."  Id.

at p. SA 0094.

When read as a whole, the Policy is ambiguous as to whether

notifying Scheller Insurance fulfilled the Policy's notice requirement.

As State Auto admits, when Leitschuh had reported a previous

claim to Scheller Insurance prior to the March 2017 accident,

Scheller Insurance communicated that claim to State Auto and State Auto made a payment to Leitschuh covering the claim.  Pl.'s Ex. 9 (d/e 26) p. 64.  State Auto also accepted notice from Leitschuh through Scheller Insurance regarding the filing of the state court case, despite the Policy's notice language regarding lawsuits requiring Leistschuh "notify 'us' as soon as practicable." Pl.'s Ex. 5 (d/e 28) p. SA 0103; Pl.'s Statement of Undisputed Material Facts (d/e 23) pp. 5–6.

As shown, the 143-page Policy's language is ambiguous and confusing.  The language never explicitly states the exact company that Leitschuh was required to notify in the event of an occurrence. Under State Auto's proposed interpretation of the Policy, Leitschuh was obliged to comply with a number of requirements.  In the event of a "loss," Leitschuh was required to notify "'us' or 'our' agent." However, in the event of an "occurrence," defined as an "offense which may result in a claim," Leitschuh was required to "see to it that we are notified."  "We," "us," and "our" all mean "the company providing this insurance," but from Leitschuh's perspective it would have been reasonable to view his agent, the company with whom he normally communicated regarding his insurance policy, and who he

had previously provided notice of a claim to, as the company "providing" insurance to him.  Even if Leitschuh, a man with only a high school education, correctly concluded that he was faced with an "occurrence," rather than a "loss," and that instead of notifying State Auto's "agent" he was required to "see to it" that "the company providing this insurance" was notified, Leitschuh could reasonably have believed that notifying his agent, who according to Wilhelm was also an actual or apparent agent of State Farm, <u>see</u> d/e 31, p.  4, was a way of "see[ing] to it" that State Auto was notified.

Construing the ambiguities against State Auto as the drafter, and interpreting the Policy as a whole and in favor of coverage, <u>see</u> <u>Livorsi Marine</u>, 856 N.E.2d at 342–43, the Court finds that the Notice Requirement was satisfied if Leitschuh provided timely notice to either State Auto or Scheller Insurance.

Accordingly, the Court finds that Wilhelm has raised a genuine dispute of material fact as to whether Leitschuh did, in fact, provide timely notice of the Wilhelm accident to Scheller Insurance.  State Auto claims that the first communication Leitschuh had with Scheller Insurance regarding the Wilhelm accident was in May 2019, after Leitschuh was served with a summons in the underlying

state Circuit Court case.  Pl.'s Statement of Facts ¶ 17–21.

However, in Wilhelm's response, he states that Leitschuh contacted

Braasch, a Scheller Insurance agent, within three weeks of

Wilhelm's March 2017 accident.  Def.'s Mem. (d/e 31) p. 10.   While

Braasch testified that he did not recall Leitschuh ever notifying

Braasch or Scheller Insurance about the accident until May 2019,

Mr. Braasch also testified that Mr. Braasch did not always make

written documentation of reported information from clients.  Ex. 8

(d/e 26) p. 42–43.  Based on this testimony, the Court finds that

there is a factual dispute as to whether Leitschuh contacted

Scheller Insurance about the Wilhelm accident.  See Payne, 337

F.3d at 770 ("On summary judgment a court may not make

credibility determinations, weigh the evidence, or decide which

inferences to draw from the facts; these are jobs for a factfinder.")

## IV.   CONCLUSION

The Court finds that a genuinely disputed and material

question of fact exists as to whether Leitschuh complied with the

Notice Requirement.  Accordingly, Plaintiff's Motion for Partial

Summary Judgment (d/e 22) is DENIED.

**IT IS SO ORDERED.**

**ENTERED: March 31, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**