IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERNARD LEITSCHUH individually ) <br> and doing business as LEITSCHUH ) <br> CONSTRUCTION, and RICHARD ) <br> WILHELM, JR., ) <br> ) <br> Defendants. ) | Case No. 19-3169 |

<u>**OPINION AND ORDER**</u>

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff State Auto Property and Casualty Insurance Company's ("Plaintiff" or "State Auto") Motion for Reconsideration (d/e 39). Plaintiff has not carried its burden to present newly discovered evidence or to show that the Court's Opinion and Order (d/e 38) was a manifest error of law or fact. Plaintiff has also not shown that the Opinion and Order considered issues outside those raised by the parties. Accordingly, Plaintiff's Motion (d/e 39) is DENIED.

## I.     BACKGROUND

On March 31, 2022, the Court denied Plaintiff's Motion for Summary Judgment (d/e 22).[1]  The Court held that the Businessowners Policy ("Policy") through which Defendant Leitschuh was insured was ambiguous as to whom Leitschuh was to notify in the event of an "occurrence," either State Auto or the insurance agent listed on the policy and with whom Leitschuh had communicated in the past, Scheller Insurance ("Scheller").  Op. & Order (d/e 38) p. 9–11.  The specific Notice Requirement of the Policy in dispute stated: "You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim."  Ex. 5 (d/e 28) p. SA 0103.  After interpreting the Policy and the Notice Requirement, the Court held that Defendant could have fulfilled Defendant's obligations under the Notice Requirement by notifying either State Auto or Scheller because the Policy did not provide an unambiguous definition of "we" as the term is used in the Notice Requirement.  Op. & Order (d/e 38) p.

---

[1] The Court assumes the reader's familiarity with the facts of this case as stated in the Court's Opinion and Order on Summary Judgment (d/e 37) and so does not repeat the facts here.

11. The Court further found that a question of fact existed as to whether Defendant provided timely notice to Scheller. Id. at pp. 11–12. Plaintiff now requests the Court reconsider its Opinion and Order.

## II. ANALYSIS

A party may move a Court to reconsider a previous ruling and judgment for reasons including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Dickerson v. Bd. of Educ. of Ford Heights, Ill., 32 F.3d 1114, 1116 (7th Cir. 1994)). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665–66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). A motion for reconsideration may also be appropriate where the Court has patently misunderstood a party or has made a decision outside the adversarial issues originally presented.

Quaker Alloy Casting Co. v. Gulfco Indus. Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quoting The Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Plaintiff requests the Court reverse its Opinion and Order but does not present any new evidence, fraud, or excusable neglect. Rather, Plaintiff argues that the Court's Opinion and Order strayed outside the bounds of the issues presented by the parties in their briefing. Plaintiff argues that the issue of whether the Notice Requirement was ambiguous as to who Defendant was required to notify was not squarely before the Court and so the Court's finding of ambiguity therein was improper.

Reconsideration under Rule 60(b) is not warranted. Notice Requirements are valid elements of contracts and "impose valid prerequisites to insurance coverage." Country Mut. Ins. Co. v. Livorsi Marine, Inc., 856 N.E.2d 338, 343 (Ill. 2006). Under Illinois law, the first step in contract interpretation is to decide, as a matter of law, whether the language of the contract is ambiguous. Pepper Constr. Co. v. Transcontinental Ins. Co., 673 N.E.2d 1128, 1130 (Ill. App. 1996) (citing Quake Constr., Inc. v. Am. Airlines, Inc., 565 N.E.2d 990 (Ill. 1990)); see also Facility Wizard Software, Inc. v.

Southeastern Tech. Servs., 647 F.Supp.2d 938, 946 (N.D. Ill. 2009); and Abt v. Mazda Am. Credit, 25 F.Supp.2d 860, 863 (N.D. Ill. 1998)).

Plaintiff's Memorandum in Support of Summary Judgment (d/e 23) expressly raised the issue of whether the Notice Requirement was fulfilled, though Plaintiff only argued that the notification was untimely. While Plaintiff did not raise the issue of whether Defendant notified the correct entity to fulfill the notice requirement, Defendant's Memorandum in Opposition to Summary Judgment (d/e 31) did. Defendant countered Plaintiff's argument by asserting that Defendant fulfilled Defendant's obligations under the Notice Requirement by notifying Scheller Insurance, though under an agency theory. Given these competing arguments, the issue of contract interpretation, specifically, that of the Notice Requirement, was squarely before the Court. Under Illinois law, then, the Court was required to "first decide, as a matter of law, whether the language of the contract is ambiguous." Pepper Constr. Co., 673 N.E.2d at 1130. The Court's reasoning was not outside the bounds of issues raised.

Plaintiff also argues that the Court "cherry-picked bits and pieces of the [Policy] to determine ambiguity and eviscerate the notice condition" found therein.  Pl.'s Mot. (d/e 39) p. 2.  Not so.  The Court was required to construe the insurance policy "as a whole, giving effect to every provision."  Livorsi Marine, 856 N.E.2d at 343.  The Court reviewed each definition of "you," "we," "us," and "our" throughout the Policy in order to determine if the Notice Requirement was sufficiently clear and unambiguous.  Op. & Order (d/e 38) pp. 8–10.  Giving effect and purpose to each definition of the terms at issue in the Policy, the Court determined that the definitions were ambiguous.  Id.  Under Illinois law, the Court was then required to interpret the definitions against Plaintiff as the drafter and in favor of Defendant as the insured.  Great West Cas. Co. v. Mayorga, 342 F.3d 816, 818 (7th Cir. 2003) ("[I]nsurance contracts are interpreted in doubtful cases in favor of the insured . . . because they are drafted by the insurers, because their typical wording even when clear to experts is often opaque to insureds, . . . and because insureds want insurance against the vagaries of interpretation.")  In doing so, the Court found that Defendant could

have fulfilled the Notice Requirement by providing timely notice to either Plaintiff or Scheller Insurance.

Plaintiff also argues that the Court's Opinion and Order is in direct conflict with the Seventh Circuit's decision in <u>State Auto Prop. & Cas. Ins. Co. v. Brumit Servs., Inc.</u>, 877 F.3d 355 (7th Cir. 2017).  But that case involved a question of when an insured satisfies a notice requirement, not how or who an insured must notify.  In <u>Brumit</u>, the Seventh Circuit held that an insured's 21-month delay in notifying State Auto of an accident which eventually led to a lawsuit was unreasonable.  <u>Brumit</u>, 877 F.3d at 358 & 362.  The <u>Brumit</u> court analyzed the timing of the insured's notification under the factors set out in <u>West American Insurance Company v. Yorkville National Bank</u>, 939 N.E.2d 288, 293–94 (Ill. 2010).  There was no dispute in <u>Brumit</u> about whether the insured notified the correct company, the only issue was whether the notification was timely.  The Seventh Circuit did not directly address the issue of parties to be notified because the insured in that case only attempted to notify State Auto, though the <u>Brumit</u> court indicated in dicta that a policy holder may fulfill a notice requirement by notifying the policyholder's insurance agent.  <u>Brumit</u>, 877 F.3d at

361 ("A reasonable driver would have at least called his insurance agent to determine whether the accident should have been reported. Because Brumit failed to do even that, we conclude he was not diligent . . .").

In contrast, the issue in this case was whether Defendant, the insured, could have fulfilled his obligations under the Notice Requirement by timely notifying either Plaintiff or Scheller Insurance of an "occurrence." That question necessitated an analysis of the Policy's terms, specifically the terms "us" and "we" in the Notice Requirement, which the Court provided. And as Plaintiff conceded in briefing, the precise timing of when Defendant notified Scheller Insurance of the occurrence is the subject of a factual dispute. Pl.'s Reply (d/e 33) p. 2. That dispute of material fact precluded summary judgment.

Moreover, <u>Brumit</u> concerned an automobile policy which, the <u>Brumit</u> court acknowledged, has been distinguished by Illinois courts from other types of insurance policies such as the business owner's policy here. <u>Brumit</u>, 877 F.3d at 359 ("The cases cited in opposition are all distinguishable on the ground that they involved either insureds far less sophisticated than Brumit or policies more

complex than an automobile policy.  For example . . . the policy in Berglind v. Paintball Business Association,402 Ill.App.3d 76, 341 Ill.Dec. 522, 930 N.E.2d 1036, 1039, 1045 (2010), was a commercial general liability policy.")  The Brumit court acknowledged the differences between "easier-to-understand auto polic[ies]" at issue there and more complex "commercial general liability polic[ies]" before holding the defendant in that case to the strict timing requirement of the applicable notice provision.  Id. at 360.  Therefore, the Opinion and Order is not in conflict with Brumit.

### III.  CONCLUSION

Plaintiff has not presented any new evidence or argument which would entitle it to the extraordinary relief available under Rule 60(b).  Accordingly, Plaintiff's Motion for Reconsideration (d/e 39) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: June 16, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**